UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MALANJE PHEA,<br><br>Petitioner,<br><br>v.<br><br>THE PEOPLE OF THE STATE OFCALIFORNIA,<br><br>Respondent. | No. 2:20-cv-00283 GGH P<br><br><br><br>ORDER |

Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §2254. The matter was referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and Local Rule 302(c).

Motion to Amend Habeas Petition

On February 27, 2020, the Ninth Circuit Court of Appeals denied petitioner's request for authorization to file a second or successive habeas petition as unnecessary based on petitioner's currently pending habeas petition filed before this court. ECF No. 9. The Ninth Circuit cited Goodrum v. Busby, 824 F.3d 1188, 1194-95 (9th Cir. 2016), in support that petitioner's "application for authorization to file a second or successive habeas petition should be construed as a motion to amend a pending first habeas petition." ECF No. 9 at 1. Petitioner's application,

1

along with petitioner's supplemental letter and memorandum, were subsequently transferred to the undersigned for resolution. Id.

"[W]hen a pro se petitioner files a new [habeas] petition in the district court while an earlier-filed petition is still pending, the district court must construe the new petition as a motion to amend the pending petition rather than as an unauthorized second or successive petition." Goodrum, 824 F.3d at 1192 (citing Woods v. Carey, 525 F.3d 886, 887–90 (9th Cir. 2008)). In Woods, 525 F.3d at 890, the Ninth Circuit "vacated the district court's order dismissing the new petition and remanded for the court to exercise its discretion in deciding whether to permit amendment under Federal Rule of Civil Procedure 15." Goodrum, 824 F.3d at 1194.

A petition for writ of habeas corpus "may be amended or supplemented as provided in the rules of procedure applicable to civil actions." 28 U.S.C. § 2242; see also Rule 12 of the Rules Governing § 2254 Cases (recognizing general applicability in habeas of rules of civil procedure). Federal Rules of Civil Procedure Rule 15(a) provides that:

> (1) A party may amend its pleading once as a matter of course within:
>
> > (A) 21 days after serving it, or
> >
> > (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
>
> (2) In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Here, as required by the Ninth Circuit in this case, the court will construe petitioner's application for authorization to file a second or successive habeas petition as a motion to amend. Because it has been more than twenty-one days since petitioner's habeas petition was filed, and no responsive pleading or motion under Rule 12 has been served, petitioner may only amend his petition with permission from the court. See Fed. R. Civ. P. 15(a).

> Rule 15(a) is very liberal and leave to amend "shall be freely given when justice so requires." See Bowles v. Reade, 198 F.3d 752, 757 (9th Cir.1999). But a district court need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4)

is futile. Id. at 758; Jackson v. Bank of Hawaii, 902 F.2d 1385, 1387 (9th Cir.1990).

AmerisourceBergen Corp. v. Dialysist W., Inc., 465 F.3d 946, 951 (9th Cir. 2006).

Petitioner submitted his application for leave to file a second or successive petition, a memorandum, and supplemental briefing which all seek to include additional claims to petitioner's original petition. See ECF Nos. 8, 10, 11. In his application, petitioner states newly discovered evidence supports his newly raised claims. ECF No. 8 at 4. In considering the relevant factors pursuant to AmerisourceBergen Corp, the Court finds a lack of prejudice, bad faith, undue delay in litigation, or futility. Petitioner sought leave to amend a month after filing his original petition. Although, respondents have been served, respondents have not appeared in this action and granting petitioner leave to file a first amended petition will not prejudice respondent. Accordingly, petitioner's motion to amend is granted.

Motion for Appointment of Counsel

Petitioner has requested the appointment of counsel. ECF No. 12. There currently exists no absolute right to appointment of counsel in habeas proceedings. See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996). However, 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice so require." See Rule 8(c), Fed. R. Governing § 2254 Cases. In the present case, the court does not find that the interests of justice would be served by the appointment of counsel at the present time.

Motion to Change Case Name

Additionally, petitioner requests to substitute the People of the State of California with the current warden of Kern Valley State Prison, as respondent. ECF No. 13. "A petitioner for habeas corpus relief must name the state officer having custody of him or her as the respondent to the petition." Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994) (citing Rule 2(a), 28 U.S.C. foll. § 2254). However, because petitioner will be granted an opportunity to

////

////

////

3

amend his habeas petition, wherein he may name the appropriate respondent, the undersigned will deny petitioner's request as moot.

Accordingly, IT IS HEREBY ORDERED that:

1. The court's deadlines set forth in its February 24, 2020 order (ECF No. 5) are hereby vacated. If necessary, a scheduling order will be re-issued pending screening of petitioner's amended habeas petition;

2. Petitioner's motion for appointment of counsel (ECF No. 12) is denied without prejudice to a renewal of the motion at a later stage of the proceedings;

3. Petitioner's motion to change case name (ECF No. 13) is denied as moot;

4. Petitioner's motion to amend (ECF No. 8) is granted;

5. Petitioner is granted thirty days from the date of this order to file an amended application for writ of habeas corpus;[1]

6. Any amended petitioner must be filed on the form be filed on the form employed by this court and must state all claims and prayers for relief on the form. It must bear the case number assigned to this action and must bear the title "Amended Petition"; and

7. The Clerk of the Court is directed to send petitioner the court's form application for writ of habeas corpus.

Dated: March 20, 2020

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

---

[1] By setting this deadline the court is making no finding or representation that the petition is not subject to dismissal as untimely.

4