UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MALANJE PHEA, | No. 2:20-cv-00283 WBS GGH P |
| Petitioner, | |
| v. | ORDER[2] |
| C. PFEIFFER,[1] | |
| Respondent. | |

Petitioner is a state prisoner proceeding in pro se on a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On April 13, 2020, petitioner filed a motion for release under the CARES Act. ECF No. 18.

In his motion, petitioner requests release from prison due to the coronavirus ("COVID-19") pandemic.  Petitioner argues he has a higher risk of contracting COVID-19 due to having diabetes, high blood pressure, asthma, dyslipidemia, history of glaucoma, and heart disease. ECF No. 18 at 2. Petitioner additionally provides exhibits of requests he has made to the California Department of Corrections and Rehabilitations for reasonable accommodations due to his health and inability to protect himself from other cellmates.  See Id. at 5, 6, 15. In his requests for

---

[1] The Clerk of the Court shall substitute C. Pfeiffer, as the respondent in this case pursuant to petitioner's first amended petition.

[2] The undersigned issues this decision as an order, as release on bail or conditions is not a case dispositive situation and is typically within the jurisdiction of magistrate judges.

1

reasonable accommodations, petitioner requests a single cell for protection against attacks by other inmates and a four wheeled walker due to his limited ability to walk. Petitioner also includes medical notes of his doctor's visits, lists of medications he has been prescribed, and supplemental health information on his medical conditions. Id. at 8-14, 16-28. Petitioner's request for reasonable accommodations do not identify health concerns due to COVID-19.

On March 27, 2020, the President signed into law the Coronavirus Aid, Relief, and Economic Security Act (the "CARES Act"), P.L. 116-136, 134 Stat 281. The CARES Act provides, in part, home confinement authority to the Bureau of Prisons during the period beginning on the date on which the President declared a national emergency under the National Emergencies Act (50 U.S.C. 1601 et seq.) with respect to the COVID-19 pandemic, if the Attorney General finds that emergency conditions will materially affect the functioning of the Bureau. The CARES Act, § 12003(b)(2). In a memorandum dated March 26, 2020, U.S. Attorney General William Barr directed the federal Bureau of Prisons ('BOP") to identify suitable inmates for home confinement with COVID-19 risk factors to minimize the risk of inmates' health due to the ongoing COVID-19 pandemic. Off. of the Att'y Gen., Mem. for Dir. of Bureau Prisons, *Prioritization of Home Confinement as Appropriate in Response to COVID-19 Pandemic* (March 26, 2020), https://www.justice.gov/coronavirus; see also Off. ff the Att'y Gen. Mem., Mem. for Dir. of Bureau Prisons, *Increasing Use of Home Confinement at Institutions Most Affected by COVID-19* (April 3, 2020), https://www.justice.gov/coronavirus. However, this form of relief through the CARES Act is available to *federal* prisoners incarcerated at Bureau of Prisons facilities, of which petitioner is not. This motion should be denied on this basis alone.

Moreover, federal habeas corpus relief is available only for challenges to the duration or legality of a prisoner's confinement. Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). Here, petitioner's motion for release is unrelated to petitioner's habeas petition challenging the duration or legality of his confinement. See Ortiz v. United States, No. CR 04-1303-PHX-MHM, 2009 WL 2170102, at *1 (D. Ariz. July 17, 2009) (The court denied movant's motion for emergency release in his pending federal habeas petition pursuant to 28 U.S.C. § 2255 as it did not relate "to his request for habeas relief from his original criminal sentence.") Although petitioner's request

argues the current prison conditions expose him to a higher risk of harm due to potential exposure to COVID-19, petitioner's request relates to the conditions of petitioner's confinement and accordingly is more appropriately brought pursuant to 42 U.S.C. § 1983. Bowman v. California, No. EDCV 19-00184 RGK (RAO), 2019 WL 4740538, at *1-2 (C.D. Cal. June 26, 2019) (Petitioner's request for release from custody based on jail conditions through a habeas petition was dismissed for failure to state a cognizable federal claim. Claims relating to conditions of confinement for state prisoners are more appropriately brought under 42 U.S.C. § 1983 even though petitioner also requested release from custody as a form of relief).[3]

Finally, although petitioner does not move to be released under 28 U.S.C. § 2254 case law authorizing release in extraordinary cases, the undersigned will liberally construe petitioner's motion in this respect.  While such release has been authorized *after* a decision on the merits in district court and pending appeal, see Marino v. Vasquez, 812 F.2d 499 F.2d (9th Cir. 1977), release *prior to* the finality of a district court decision is problematic in that certain courts have found that specific, binding authority for such a proposition is absent for such release, and some have found it available. See  Kerestesy v. California, No. 2:15-cv-0545 MCE AC P, 2017 WL 735736 (E.D. Cal. Feb. 24, 2017); United States v. Carreira, No. CR 06-00561 DKW, 2016 WL 1047995 (D. Haw. Mar. 10, 2016); Hall v. Superior Court, No. C 09-5299 PJH, 2010 WL 890044 (N.D. Cal. Mar. 8, 2010). The undersigned is reluctant to hold that release on bail or conditions in habeas pre-decision context is never appropriate especially in light of Marino v. Vasquez, 812 F.2d 499, 508 (9th Cir. 1987) which found that district courts do indeed have authority to release a petitioner pending appeal of a habeas decision albeit pursuant to Fed. R. App. P. 23.  See also Lands v. Deeds, 878 F.2d 318 (9th Cir. 1989), simply stating in a *pre-decisional non-release determination* by a district court: "Bail pending a decision in a habeas case is reserved for extraordinary cases…";  In re Roe, 257 F.3d 1077 (9th Cir. 2001) assuming the pre-decisional authority of release by a district court citing conflicting out-of-circuit authority.  Thus, the

////

---

[3] The pendency of civil rights actions (now) involving COVID-19, such as the Coleman v. Newsome, 2:90-cv-0520 KJM DB (E.D. Cal.)/Plata v. Newsome, 01-cv-01351 JST (N.D. Cal.) class action, is the appropriate forum to address conditions of confinement.

undersigned will assume that such pre-decisional release in habeas is possible in extraordinary cases under the conditions outlined for release pending appeal.[4]

The conditions applicable to release of a habeas petitioner are muddled. The early case which is generally seen to have authorized bail/conditions release in habeas corpus clearly held that a conjunctive standard, high probability of success *and* extraordinary circumstances is applicable. Aronson v. May, 85 S.Ct. 3 (1964) (per Justice Douglas). However, in Lands v. Deeds, supra, the standard was stated as *either* high probability of success *or* extraordinary circumstances. Perhaps, conjunctive or disjunctive standards in the usual release pending appeal situation are of little import-- because a district court is rarely, if ever, going to authorize release in a habeas case after an unfavorable-to-petitioner ruling. It becomes more of a problem when the context is pre-decisional release in the district court. In re Roe, supra, 257 F.3d at 1080, considered probability of success as an important factor *within* the general extraordinary circumstances analysis.

The undersigned will do no less than In re Roe. The First Amended Petition raises claims which in part are most likely unexhausted (claims related to speedy trial; ex post facto application; jurisdictional defect and others). Moreover, petitioner's remaining exhausted claims dealing with admission of allegedly prejudicial evidence have never fared well in habeas proceedings governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). See e.g., Reynolds v. Neuschmid, No. 2:19-cv-02193 TLN GGP P, 2020 WL 1244546, at *4-5 (E.D. Cal. Mar. 16, 2020).

Furthermore, although the COVID-19 situation is an extraordinary one for the population at large in this country, including prisoners, and without diminishing in the least the fact that petitioner is part of an especially at-risk COVID-19 population, petitioner has not shown that prison authorities are unable or unwilling to address this serious problem within prisons, or that petitioner is unable to take the general, protective measures applicable to all as of yet unafflicted

////

---

[4] However, the fact that an appellate rule of procedures is cited as authority for the district courts' release-on-habeas decisions might seem to indicate that a final district court decision on the merits is a *sine qua non* for release in a habeas case.

persons, i.e., wash hands frequently, avoid touching the face and so forth. Moreover, prison authorities may be able to isolate highly at-risk prisoners, such as petitioner, more easily than isolation or "social distancing" is achieved in the general population, e.g., housing in administrative segregation, partial lockdowns or transfers. Prisons are certainly able to order their afflicted employees to stay at home, and can probably, more easily find testing opportunities for their essential employees than is yet possible for the general population. Finally, prison and state officials are more likely to know who may be best subject to compassionate release under state laws than is the undersigned.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion for release (ECF No. 18) is DENIED;
2. Petitioner's request to expedite motion for release (ECF No. 19) is DENIED; and
2. The Clerk of the Court shall substitute C. Pfeiffer as the respondent in this case.

Dated: April 16, 2020

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE