UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELANJE PHEA, | No. 2:20-cv-00283 WBS GGH P |
| Petitioner, | |
| v. | ORDER |
| C. PFIEFFER, Warden, | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, has filed an amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 17.

Rule 2 of the Rules Governing Section 2254 Cases provides that the petition: "shall specify all the grounds for relief which are available to the petitioner and of which he has or by the exercise of reasonable diligence should have knowledge and shall set forth in summary form the facts supporting each of the grounds thus specified." Rule 2(c), Rules Governing Section 2254 Cases. Petitioner must also clearly state the relief sought in the petition. Id. Additionally, the Advisory Committee Notes to Rule 4 explains that "notice pleading is not sufficient, for the petition is expected to state facts that point to a real possibility of constitutional error." Advisory Committee Notes to Rule 4; see Blackledge v. Allison, 431 U.S. 63, 75, n.7 (1977).

////

1

In the first amended petition, petitioner sets forth 16 grounds for relief. Here, because petitioner did not complete the section on the court's form describing whether each ground raised has been raised in state court, the undersigned is unable to discern whether petitioner has fully exhausted his state court remedies with respect to the alleged federal constitutional claims petitioner is seeking to raise in his petition. The exhaustion of available state remedies is a prerequisite to a federal court's consideration of claims sought to be presented in habeas corpus proceedings. See Rose v. Lundy, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b).  A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court.  Picard v. Connor, 404 U.S. 270, 276 (1971), Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986).  The court will provide petitioner another opportunity to file an amended petition addressing these deficiencies. Petitioner must demonstrate in his amended petition that he has exhausted his state court remedies for each ground for relief.

The petition fails to comply with Rule 2(c), Rules Governing Section 2254 Cases. Therefore, the petition is dismissed with leave to amend.  Rule 4, Rules Governing Section 2254 Cases.  In the amended petition, petitioner must set forth each claim for relief and summarize the facts he alleges support each of the identified claims. Moreover, petitioner must address whether each ground for relief has been presented to the California Supreme Court.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's first amended petition for writ of habeas corpus is dismissed with leave to amend within thirty days from the date of this order;[1]

3. Any amended petition must bear the case number assigned to this action and the title "Second Amended Petition"; and

////

////

////

---

[1] By setting this deadline the court is making no finding or representation that the petition is not subject to dismissal as untimely.

4. The Clerk of the Court is directed to send petitioner the court's form application for writ of habeas corpus.

Dated: May 14, 2020

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE