UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MALANJE PHEA,<br><br>Petitioner,<br><br>v.<br><br>CHRISTIAN PFEIFFER, Warden,<br><br>Respondent. | No.  2:20-cv-00283 WBS GGH P<br><br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Petitioner is a state prisoner proceeding in pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pending before the court is petitioner's motion to stay proceedings pending exhaustion of state court remedies. ECF No. 51.  Respondent has filed an opposition to the motion.  ECF No. 53.

A district court may properly stay a habeas petition and hold it in abeyance pursuant to Rhines v. Weber, 544 U.S. 269 (2005). See King v. Ryan, 564 F.3d 1133, 1135 (9th Cir. 2009). Under Rhines, a district court may stay a mixed petition to allow a petitioner to present an unexhausted claim to the state courts. Rhines, 544 U.S. at 277.  Assuming the petition itself has been timely filed, such a stay "eliminates entirely any limitations issue with regard to the originally unexhausted claims, as the claims remain pending in federal court[.]" King, 564 F.3d at 1140. However, to qualify for a stay under Rhines, a petitioner must: (1) show good cause for his failure to exhaust all his claims before filing this action; (2) explain and demonstrate how his

1

unexhausted claim is potentially meritorious; (3) describe the status of any pending state court proceedings on his unexhausted claim; and (4) explain how he has diligently pursued his unexhausted claim. Rhines, 544 U.S. at 277–78. What constitutes good cause has not been precisely defined except to indicate at the outer end that petitioner must not have engaged in purposeful dilatory tactics, Rhines, 544 U.S. at 277- 78, and that "extraordinary circumstances" need not be found. Jackson v. Roe, 425 F.3d 654, 661-662 (9th Cir. 2005); see also Rhines, 544 U.S. at 279 (Stevens, J., concurring) (the "good cause" requirement should not be read "to impose the sort of strict and inflexible requirement that would trap the unwary pro se prisoner") (internal citation omitted); id. (Souter, J., concurring) (pro se habeas petitioners do not come well trained to address tricky exhaustion determinations). "But as the Jackson court recognized, we must interpret whether a petitioner has "good cause" for a failure to exhaust in light of the Supreme Court's instruction in Rhines that the district court should only stay mixed petitions in 'limited circumstances.' We also must be mindful that AEDPA aims to encourage the finality of sentences and to encourage petitioners to exhaust their claims in state court before filing in federal court." Wooten v. Kirkland, 540 F.3d 1019, 1023-24 (9th Cir. 2008), quoting Jackson, 425 F.3d at 661) (internal citations omitted).

Petitioner has not established grounds for a stay under Rhines. Petitioner's motion, in its entirety, states the following:

> The petitioner Malanje Phea, will respectfully move this court for an stay and abeyance order pending exhaustion of state court remedies on other claims that petitioner wish to raise in this first federal habeas petition that is pending before this court pursuant to Rhines v. Weber, 544 U.S. 269, 275-76 (2005).

ECF No. 51 at 1.

Petitioner has neither specified which claims he wishes to exhaust, nor made a showing for good cause as to why he failed to exhaust prior to bringing this action. However, if petitioner is seeking a stay to exhaust his ineffective assistance of counsel claim, such a claim has been recommended to be denied on the merits. See ECF No. 52. Accordingly, petitioner's bare allegations fail to meet the requirements necessary to be granted a Rhines stay. It will therefore be recommended that petitioner's motion to stay be denied.

Petitioner has also filed motions to file supplemental case law to his pending habeas petition. ECF Nos. 54, 56, 57. Petitioner's request to include additional case law relevant to his claims is unnecessary to the resolution of this action. Accordingly, the undersigned will deny the motions as unnecessary.

IT IS HEREBY ORDERED that petitioner's motions seeking to include additional case law (ECF Nos. 54, 56, 57) are denied.

Further, IT IS HEREBY RECOMMENDED that petitioner's motion to stay (ECF No. 51) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: March 12, 2021

                                    /s/ Gregory G. Hollows
                        UNITED STATES MAGISTRATE JUDGE