UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MALANJE PHEA,<br><br>    Petitioner,<br><br>    v.<br><br>CHRISTIAN PFEIFFER, Warden,<br><br>    Respondent. | No.  2:20-cv-0283 WBS KJN P<br><br>ORDER and FINDINGS &<br>RECOMMENDATIONS |

      Petitioner is a state prisoner, proceeding pro se.  On January 28, 2022, the petition for writ of habeas corpus under 28 U.S.C. § 2254 was dismissed and judgment was entered in favor of respondent.  (ECF Nos. 89 (judgment); 88 (order adopting 52 & 63).)  On March 8, 2022, petitioner filed a motion for relief from judgment under Rule 60(b)(3) of the Federal Rules of Civil Procedure.  (ECF No. 91.)  Respondent did not file an opposition.  As discussed below, the motion should be denied.

Legal Standards

      Rule 60(b) provides for relief from a judgment or order on the following grounds:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed

1

        or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).  "This rule, like the rest of the Rules of Civil Procedure, applies in habeas corpus proceedings under 28 U.S.C. § 2254 only 'to the extent that [it is] not inconsistent with' applicable federal statutory provisions and rules."  Gonzalez v. Crosby, 545 U.S. 524, 529 (2005) (footnote omitted) (citing 28 U.S.C. § 2254 Rule 11 & Fed. R. Civ. P. 81(a)(2)).  A party may seek relief from judgment under this rule only in limited circumstances.  Id.  Motions seeking such relief are addressed to the sound discretion of the district court.  Casey v. Albertson's Inc., 362 F.3d 1254, 1257 (9th Cir. 2004).

      To prevail on a motion brought under Rule 60(b)(3), "the moving party must establish that a judgment was obtained by fraud, misrepresentation, or misconduct, and that the conduct complained of prevented the moving party from fully and fairly presenting the case."  In re M/V Peacock on Complaint of Edwards, 809 F.2d 1403, 1404-05 (9th Cir. 1987).  "The rule is aimed at judgments which were unfairly obtained, not at those which are factually incorrect."  Id.  The Ninth Circuit has held that that "a party bears a high burden in seeking to prove fraud on the court," which must "involve an 'unconscionable plan or scheme which is designed to improperly influence the court in its decision.'"  Abatti v. Comm'r, 859 F.2d 115, 118 (9th Cir. 1988) (quoting Toscano v. Comm'r, 441 F.2d 930, 934 (9th Cir. 1971)).  A reviewing court considers "whether the integrity of the judicial process was itself harmed, such that the court cannot perform its regular task of fairly adjudicating disputes."  Generally, examples involve "a scheme by one party to hide a key fact from the court and the opposing party."  Pizzuto v. Ramirez, 783 F.3d 1171, 1180 (9th Cir. 2015).  Courts "exercise the power to vacate judgments for fraud on the court with restraint and discretion, and only when the fraud is established by clear and convincing evidence."  See United States v. Estate of Stonehill, 660 F.3d 415, 443-44 (9th Cir. 2011).

      The United States Supreme Court has held that a self-styled Rule 60(b) motion that includes new claims or seeks to present new evidence in support of existing claims should be construed as a successive habeas petition and not as a Rule 60(b) motion.  Gonzalez, 545 U.S. 524.  The Court noted that a purported Rule 60(b) motion "can also be said to bring a 'claim' if it

attacks the federal court's previous resolution of a claim on the merits, since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief." <u>Id.</u> at 532.  See also <u>United States v. Buenrostro</u>, 638 F.3d 720 (9th Cir. 2011) (Rule 60(b) motion, in which petitioner sought to bring a new claim of ineffective assistance of counsel, construed as a successive petition).  The court also recognized, however, that a "defect in the integrity of the federal habeas proceedings," such as "fraud on the habeas court," might justify reopening a habeas petition under Rule 60(b).  <u>Gonzalez</u>, 545 U.S. at 532 & n.5.

Following <u>Gonzalez</u>, the Ninth Circuit explained that "a legitimate Rule 60(b) motion 'attacks . . . some defect in the integrity of the federal habeas proceedings,' while a second or successive habeas corpus petition 'is a filing that contains one or more claims.'"  <u>Jones v. Ryan</u>, 733 F.3d 825, 834 (9th Cir. 2013).  On the other hand, "motions that allege fraud on the federal habeas corpus court . . . are properly brought under Rule 60(b)."  <u>Pizzuto</u>, 783 F.3d at 1176.

<u>Discussion</u>

Petitioner seeks relief under Fed. R. Civ. P. 60(b)(3), alleging "fraudulent representation" and "prosecutorial misconduct."  (ECF No. 91.)  However, petitioner's arguments concern the underlying criminal proceedings, specifically the alleged misconduct of the prosecution at trial, as well as petitioner's claim that the criminal charges were barred by the statute of limitations.  Such claims were not included in the operative petition.  (ECF No. 22.)  Motions that include claims attacking petitioner's underlying state court conviction are second and successive petitions, not legitimate Rule 60(b) motions.  <u>Jones</u>, 733 F.3d at 834.  Petitioner may not prosecute a successive habeas petition until he moves in the United States Court of Appeals for the Ninth Circuit for an order authorizing the district court to consider the application pursuant to 28 U.S.C. § 2254(b)(3). <u>Gonzalez</u>, 545 U.S. at 531 ("using Rule 60(b) to present new claims for relief from a state court's judgment of conviction – even claims couched in the language of a true Rule 60(b) motion – circumvents AEDPA's requirement that a new claim be dismissed unless it relies on either a new rule of constitutional law or newly discovered facts"); <u>Thompson v. Calderon</u>, 151 F.3d 918, 921 (9th Cir. 1998) ("In most cases when the factual predicate for a Rule 60(b) motion also states a

claim for a successive petition under 28 U.S.C. § 2244(b), as it does in this case, the Rule 60(b) motion should be treated as a successive habeas petition").

Assuming arguendo that petitioner's motion is properly brought under Rule 60(b), petitioner is not entitled to relief. Petitioner's arguments involve acts of alleged fraud and misrepresentation by the prosecutor and the trial court in petitioner's underlying state court trial, not in the proceedings leading to the judgment denying habeas relief herein. Because petitioner challenges the judgment rendered in this court, Rule 60(b) would provide relief only if petitioner demonstrates that there was a fraud committed on this court, not the state court. Pizzuto, 783 F.3d at 1180. Petitioner failed to do so.

For all of the above reasons, petitioner is not entitled to relief under Rule 60(b)(3). Petitioner has not otherwise provided any basis for the Court to grant reconsideration in this matter. Petitioner's motion for relief should be denied.

Motion for Counsel

Petitioner also requested the appointment of counsel. There currently exists no absolute right to appointment of counsel in habeas proceedings. See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996). However, 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice so require." See Rule 8(c), Fed. R. Governing § 2254 Cases. In the present case, the court does not find that the interests of justice would be served by the appointment of counsel at the present time.

Conclusion

Accordingly, IT IS HEREBY ORDERED that petitioner's motion for appointment of counsel (ECF No. 92) is denied without prejudice; and

IT IS RECOMMENDED that petitioner's motion (ECF No. 91) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the

objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: September 8, 2022

<em>/s/ Kendall J. Newman</em><br>
KENDALL J. NEWMAN<br>
UNITED STATES MAGISTRATE JUDGE

/phea0283.60b